# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE OGIN and DONALD OGIN, her husband, | : : | |
| Plaintiffs | : : | CIVIL ACTION NO. 3:06-cv-350 |
| vs. | : | Jury Trial Demanded |
| MUHIDDIN AHMED and WERNER ENTERPRISES, INC. | : : : | The Honorable Richard P. Conaboy |
| Defendants | : | |

## **PLAINTIFFS' MOTION FOR SPOLIATION CHARGE**

Plaintiffs, Mr. and Mrs. Ogin, hereby request a jury charge regarding spoliation of evidence during the trial of the above-captioned action. In support of this motion, Plaintiffs aver as follows:

1. This is a tractor-trailer collision in which the Defendant tractor-trailer operator, Muhiddin Ahmed, was found over his Federal Motor Carrier Safety Regulation (FMCSR) Hours of Service (HOS) limitations at the time of impact. The collision occurred on October 4, 2005.

2. On November 14, 2005, Defendant Werner Enterprises, Inc. ("Werner") acknowledged notice of this claim (Exh. "A").

3. On December 6, 2005 Plaintiffs sent Defendant Werner a certified letter requesting that Defendants not destroy any drivers' logs related to this case (this letter and the returned receipt for it are attached hereto as Exh.

"B");

4. On or about January 15, 2006, Plaintiffs commenced suit against Defendants in the Court of Common Pleas of Wyoming County by means of a Complaint. Included in the Complaint were allegations that Defendant Ahmed violated the FMCSRs and also failed to maintain a proper driver's log. Complaint, ¶ 12 (j) and (o) (attached as Exhibit "C").

5. Plaintiffs received a Sheriff's Return of Service for this Complaint from the Wyoming County Sheriff on January 25, 2006. (Exh. "D").

6. On January 21, 2006, Plaintiffs served their First Request for Production of Documents, specifically requesting "1. Complete and clearly readable copies of all driver's record of duty status or driver's daily logs... created by Ahmed, and or any of his co-drivers, for the period from **September 3, 2005 through October 4, 2005**..." (emphasis original). (Exh. "E").

7. The Defendants refused to provide documents for more than 8 days prior to October 4, 2005.

8. Plaintiffs moved to compel the 30 days' records. (Doc. 10).

9. In their filed response, the Defendants did not reveal that they had destroyed Ahmed's driver's log for the period September 3 to 27, 2005. Def. Brf. in Opp. to Motion to Compel (Doc. 14 at pp. 5-6) ("... in an effort to

amicably resolve the discovery dispute, Defendants provided the computerized daily log reports for the eight days prior to the motor vehicle accident.")

10. On February 8, 2007, the Court urged the parties to resolve the outstanding discovery dispute, and recommended that the Defendants produce 30 days of records (Doc. 26 n. 1).

11. Defendants continued to oppose production of more than 8 days' records. (Doc. 28).

12. On May 18, 2007, the Court ordered that 30 days' records be produced on or before June 8, 2007. (Doc. 33).

13. On June 8, 2007, Defendants produced vehicle positioning records for September 5 - 27, 2005, and stated that it was "compiling" other records which would follow shortly. (Exh. "F").

14. On June 14, 2007, Defendants provided, among other things, "the driver's log recap from September 5, 2005 to September 26, 2005." (Exh. "G"). There was no explanation that the "log recap" was not the actual log or that the actual log had been deleted.

15. On April 17, 2008, after notice, Werner took a videotaped trial deposition of one of its expert witnesses, a Mrs. Angela Gahagan, who is a former employee of the Federal Motor Carrier Safety Administration.

16. In her trial testimony, Mrs. Gahagan was critical of the Plaintiffs' trucking expert, Mr. Kerry Nelson, for Mr. Nelson's having analyzed the "log recaps" instead of the actual official driver's log (Exh. "H", pp. 37-40).

17. Defense counsel had her repeat this point on redirect, again pointing out that analysis is impossible without the final official log. (Exh. "H," pp. 107-08).

18. Mrs. Gahagan limited her own review of the case to the 8 days for which the official driver's log was available, and did not even know of the deletion of the rest of the official log. (Exh. "H," p. 57).

19. Werner had a duty to preserve information that could be relevant to this case.

20. That duty attached when Werner knew or should have known of the likelihood of litigation.

21. By, at the latest, November 14, 2005, Werner knew of the likelihood of litigation in connection with this collision (Exh. "A").

22. By, at the latest, December 10, 2005, Werner was in actual receipt of a request that it not destroy driver logs in connection with Mr. Ahmed (Exh. "B").

23. By, at the latest, January 25, 2006, Werner was in actual receipt of Plaintiff's Complaint, which alleged FMCSR HOS violations and log-

keeping violations (Exhs. "C" and "D").

24.   By, at the latest, January 25, 2006, Werner was in actual receipt of Plaintiff's First Request for Production of Documents, which specifically asked for Mr. Ahmed's driver's log "for the period from **September 3, 2005 through October 4, 2005**..." (emphasis original).   (Exh. "E").

25.   Accordingly, as of January 25, 2006, which was within 4 months of the collision, Werner was actually aware:  (1) that its driver, Ahmed, had been in a collision; (2) that it had been requested not to destroy Ahmed's driver's logs; (3) that it had been sued; (4) that the suit involved allegations of Ahmed's FMCSR HOS violations; and (5) that the Plaintiffs were seeking 30 days of Ahmed's logs from before the collision.

26.   Nevertheless, on information and belief, Werner intentionally destroyed Muhiddin Ahmed's driver's log for September 5-26, 2005.

27.   On information and belief, this intentional destruction may have occurred between March and April, 2006, which would have been six months after the creation of those logs.   See 49 C.F.R. 495.8 (k)(1) (West 2008)(drivers' record of duty status must ordinarily be kept six months).

28.   In its Orders of February 8, and May 18, 2007, this Court ruled that the 30 days of Mr. Ahmed's driver's log may be relevant to this case. (Docs. 26 and 33).

29. According to Defendants' own trucking safety expert witness, Mrs. Gahagan, Defendants' destruction of the Ahmed logs for September 5-26, 2005 have hampered the ability of the Plaintiffs – or anyone – to conduct a meaningful analysis of whether Mr. Ahmed was or was not in almost continual violation of the FMCSR HOS limitations in those days leading up to this collision.   (Exh. "H," pp. 37-40; 107-08).

30. Accordingly, Plaintiffs, who bear the burden of proof, have been prejudiced by Defendants' destruction of these documents.

WHEREFORE, Plaintiffs respectfully request that the Court include the standard adverse-inference instruction regarding spoliation of evidence in its charge to the jury at the appropriate time.

Respectfully submitted,

**MUNLEY, MUNLEY & CARTWRIGHT, P.C.**

By:  s/MATTHEW A. CARTWRIGHT
    Waterfront Professional Park II
    672 North River Street
    Suite 310
    Plains, PA  18705
    Phone:     (570) 824-5599
    Fax:         (570) 824-2411
    Email:       mattc@munley.com
    PA46871

Attorneys for Mr. and Mrs. Ogin